## CHARLES MONSON AND ANOTHER vs. LOUISE E. BEECHER.

The defendant, a married woman living with her husband, executed a promissory note to the plaintiffs, who afterwards brought suit against her upon it; the declaration containing a special count on the note and the common counts in assumpsit. A rule of the court required all pleas to be filed at the first term and provided that all cases in which it was not done should be regarded as standing on the statute general issue without notice. No plea was filed at the first term. Upon the trial at a later term the plaintiffs filed the note as a bill of particulars under the common counts, and claimed to recover only thereon. Held—

1. That the coverture of the defendant was a matter that could not be proved under the general issue without notice.
2. That the filing of the note under the common counts was not such an amend-

ment of the declaration as allowed the defendant to amend her plea without cost.

ASSUMPSIT on a promissory note, brought to the Court of Common Pleas of New Haven County, and tried to the court before *Peck*, *J.* Judgment for plaintiffs and motion for a new trial by defendant. The case is fully stated in the opinion.

*D. R. Wright*, in support of the motion.

*W. C. Case* and *L. P. Deming*, contra.

PARDEE, J. Upon the 7th day of August, 1875, the defendant, Mrs. Beecher, then having and living with a husband, executed and delivered to the plaintiffs her promissory note for $258. This not being paid at maturity the plaintiffs brought an action thereon. The declaration contained a special count upon the note, together with the common counts in general assumpsit. The writ was made returnable to the Court of Common Pleas for New Haven County at the June term, 1876; thence the cause came by legal continuances to the October term, 1877. The defendant appeared at the return day, but filed no plea during the first term. A rule of the court provides that "the plea must in all cases be filed during the first term, and the pleadings must be closed before the opening of the second term. Cases in which the plea is not so filed will, in the absence of special order, be considered as standing on the statute general issue, without notice." No special order was made in this case.

Upon the trial at the October term, 1877, the plaintiffs claimed to recover only upon the note, and offered to file the same as their bill of particulars. The defendant objected, insisting that the original note declared upon could not be used for that purpose. The court permitted it to be done; and to this exception was taken.

The defendant then claimed that this act of filing the note operated as an amendment of the declaration, and thus gave her an opportunity to change her plea of the general issue without notice to a like plea with notice of her coverture,

under the statute allowing change of plea to follow change of declaration. The court refused to permit her to change her plea except upon payment of costs; and to this exception was taken.

The plaintiffs, having offered the original note in evidence, and one of them having testified that they owned it, that it was due and unpaid, and was the note on which the suit was brought, rested. The defendant then offered evidence to prove the coverture, under the general issue. The plaintiffs objected, and the court refused to admit it and rendered judgment for them; the defendant filed a motion for a new trial.

In this case the pleader followed the form usually adopted in framing declarations in actions upon promissory notes; he declared specially in one count upon the note and added the common counts as a matter of prudence, that he might thereby save a verdict even if there should occur a fatal variance between the evidence and the special count. Upon the trial the original note was offered in evidence and a statement was made that it was the only claim upon which judgment would be asked. Thereby nothing was added to or taken from the declaration. The plaintiffs did not say that they should strike out the common counts; they simply explained that no other use would be made of them than to save a bill of costs upon a possible variance. This is not an amendment in any such sense as to entitle the defendant to change her plea.

The statute, Revision of 1875, sec. 10, page 424, provides that under the general issue the defendant shall not "give in evidence any matter in avoidance, or any defence consistent with the truth of the material allegations in the declaration, unless at the time of pleading he shall file notice thereof in writing, &c.;" and the defendant insists that by reason of her coverture she had not the legal capacity to make the promise embodied in the note; that there can be no such thing as an avoidance of that which never existed, and therefore that the court erred in refusing permission to prove that coverture under the general issue.

Of fraud as a defence, in connection with this statute, in *Hoxie* v. *Home Insurance Co.*, 32 Conn., 21, the court said: "The fraud of the master was barratry, (notwithstanding he was part owner,) and a peril insured against, unless the other owner or the plaintiff assented to it. It was essential to the intended defence therefore, that either the original combination or the subsequent assent should be proved. The one goes to show that the contract, although *primâ facie* valid, was void; the other, that the evil practice of the master, which was *primâ facie* barratry, was not such, but the fraud of the other owner and the plaintiff also; and both were matter of avoidance, and should have been inserted in the notice. The action is assumpsit on an express contract, and doubtless under the rules of the common law as gradually relaxed from their original strictness, and existing prior to the statute of 1848, would be admissible under the general issue alone. But that statute changed the common law in that respect, and since its passage fraud, if relied upon, must be set up. If there is an apparent distinction between fraud which goes to the original validity of the contract, and fraud which operates in avoidance of it after its execution, that distinction is not real and seems to be practically disregarded in the recent rules incorporated into the English practice. *    *    *. And so, according to the construction given by us to the statute in the recent case of *Mahaiwe Bank* v. *Douglass*, 31 Conn., 170, the evidence of fraud was clearly matter of avoidance also, and within it. There we held the evidence admissible under the general issue, because it showed that the contract set up never was *in fact* executed by the defendant. Here the execution of the contract is conceded, and the defence should have been set up in the notice; and for that reason the testimony was rightfully excluded." What is there said of fraud may be said here with equal force of coverture; each is present at the inception of the contract; but the interpretation by the court of the statute suggests that it disregards the distinction between void and voidable contracts, and requires this defendant, if, after having put her name to a promissory note, she intends to rely upon her

coverture as a defence against the consequences of that act, to give warning thereof in writing when pleading.

One of the English rules, adopted in 1834, provides that "in every species of assumpsit, all matters in confession and avoidance, including not only those by way of discharge but those which show the transaction to be either *void* or *voidable* in point of law, on the ground of fraud or otherwise, shall be specially pleaded; *ex. gr.*, infancy, coverture, * * and various other defences must be pleaded;" herein expressly placing void and voidable contracts upon the same basis, for this particular purpose. Mr. Chitty says that these rules put an end to the misapplication and abuse of the general issue, and compel a defendant in terms to deny particular parts of the declaration and to plead specially every matter of defence not merely consisting of denial of the allegations in it.

An act of Parliament, 16 and 17 VICTORIA, c. 113, sec. 70, provides that every defence which admits a contract in fact, but relies upon matter in avoidance or discharge or illegality, on the ground of fraud or otherwise, as for instance infancy, coverture, &c., shall be pleaded specially.

For the purpose of placing limitations upon the general issue coverture seems to have been classed in England, in rule and statute, as matter in avoidance; and thus it should be under our own statute.

There should be no new trial.

In this opinion the other judges concurred; except CARPENTER, J., who did not sit.